■ JOSEPH KANE, Appellant, v. BRESSNER COLOVISION CORPORATION et al., Respondents. BRESSNER COLOVISION CORPORATION, Third-Party Defendant-Respondent, v. KNICKERBOCKER DISTRIBUTING CORPORATION, Third-Party

Defendant-Respondent.— Appeal from an order of the Supreme Court, Kings County, dated February 20, 1968, which granted the motion of defendant Bressner Colovision Corporation to vacate plaintiff's notice to examine a witness before trial. Order reversed, on the law and the facts, with $10 costs and disbursements against said defendant. The examination of the witness at her home shall take place at a time to be specified in a written notice of not less than 10 days, to be served by plaintiff after entry of the order hereon. In our opinion, the protective order was improvidently granted. The record supports the conclusion that the necessity for taking this pretrial examination, the person to be examined being the sole witness to the accident, resulted from unusual and unanticipated conditions which only recently developed (cf. *Romito* v. *Bourjois, Inc.,* 16 A D 2d 982). Further, defendant Bressner has not shown that it would be unduly prejudiced were plaintiff permitted to take the witness's deposition at this time; and, in the interests of justice, plaintiff should now be permitted to proceed. Although plaintiff should have applied to the court for an order granting permission to conduct this pretrial examination (Rules of App. Div., Second Dept., part 7, rule VII), his omission to do so is excused in the light of the exigencies here presented and the absence of prejudice to Bressner because of such omission. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.